UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARUS L. G., SR.,[1]

                      Plaintiff,                  **DECISION AND ORDER**

v.                                                              1:21-CV-1112-JJM

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that he was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [5, 6].[2] The parties have consented to my jurisdiction [8]. Having reviewed their submissions [5, 6, 7], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

The parties' familiarity with the 943-page administrative record [4] is presumed. On November 1, 2019, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging a disability onset date of February 14, 2019. Administrative Record [7] at 27, 76-77. In his application, plaintiff complained of the following medical conditions: scoliosis and other

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

back problems, neck problems, depression, high blood pressure, anxiety disorder, and an irregular heartbeat. Id. at 76-77. Plaintiff's claim was initially denied. Id. at 86.

A.    **The Hearing**

Administrative Law Judge ("ALJ") Stephan Bell conducted a telephonic hearing on January 6, 2021 (id. at 49-74), at which plaintiff was represented by an attorney. Id. at 52. At the hearing, plaintiff testified that he had longstanding problems with depression, anxiety and his heart. Id. at 54. In 2019, he was involved in a car accident. Id. Since that time, he could "barely" move, walk, or stand. Id. at 55. He experiences "constant" pain in his neck. Id. at 56. Surgery was recommended for his neck, but he declined it. Id. at 55. He claimed that he is unable to lift anything, even 10 pounds. Id. at 57. He spends most of his day sitting on the couch or the bed, where he tries to prop his legs up. Id. at 58. He tries to avoid putting too much pressure on his buttocks and will occasionally get up to move around. Id. He lives with his girlfriend, who assists him with activities like grocery shopping. Id. He takes medication for depression. Id. 60-61. He is unable to bend over to pick things up. Id. at 63. He has trouble with grasping and gripping, but not reaching. Id. at 63. His pain interferes with his sleep. Id. 64-65.

A vocational expert testified that there were jobs available in the national economy if plaintiff were limited to sedentary work and certain other physical and mental limitations not at issue on this appeal. Id. 70-71. He further testified that if plaintiff needed to elevate his legs to waist height, such movement would only be allowable insofar as it could be achieved during the allowable time-off-task of 10%, or six minutes per hour. Id. at 72. No jobs would be available to plaintiff if he were unable to sit, stand or walk for eight hours. Id. at 73.

B.      **The ALJ's Decision**

On January 19, 2021, ALJ Bell issued a decision denying plaintiff's claim. Id. at 27-43.  She found that plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, major depressive disorder, and cannabis abuse, but that plaintiff's other conditions, including high blood pressure and irregular heartbeat, were medically managed with conservative treatment. Id. at 29.

ALJ Bell determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined by the applicable regulations,[3] except that he could carry/push/pull 10 pounds occasionally and less than 10 pounds frequently; could sit for six hours and stand/walk for two hours; could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could occasionally work at unprotected heights, around moving mechanical parts, or "in vibration"; and could occasionally operate a motor vehicle. Id. at 33. Plaintiff was further limited to simple, routine tasks involving simple work-related decisions, occasional interaction with supervisors and coworkers, and no interaction with the public. Id.

While plaintiff had no past relevant work, ALJ Bell found that, consistent with this RFC and the vocational expert's hearing testimony, plaintiff was able perform other jobs that exist in sufficient numbers in the national economy. Id. at 42-43.  She therefore concluded that plaintiff was not disabled. Id. at 43.

---

[3]     Sedentary work is defined to "involve[] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §404.1567(a); 20 C.F.R. §416.967(a). Sedentary work may involve up to two hours of standing or walking and six hours of sitting in an eight-hour workday. Social Security Ruling 83-10.

C.     **The Medical Opinion Evidence**

On January 28, 2020, consultative examiner Nikita Dave, M.D. issued an opinion assessing plaintiff with "mild to moderate" limitations for prolonged sitting, standing, repetitive bending, and twisting and "more moderate" limitations for heavy lifting, carrying, pushing, and pulling. Id. at 619. Plaintiff reported to Dr. Dave having intermittent pain in his neck and low back associated with prolonged sitting, standing, or sudden movement. Id. at 616. However, plaintiff presented in no acute distress, required no assistance during the exam, and was comfortable lying supine. Id. 616-17.

ALJ Bell found Dr. Dave's opinion "generally persuasive" (except for other findings not relevant to this appeal), deeming it to be - though "vaguely expressed" - supported by a detailed examination and consistent with the related clinical findings, medical imaging, longitudinal treatment records, the conservative and routine course of treatment, and plaintiff's wide range of activities of daily living. Id. at 40.

On February 5, 2020 and July 23, 2020, reviewing examiners James Lawrence, M.D., and J. Koenig, M.D. issued RFC opinions limiting plaintiff to light exertion with the ability to sit, stand or walk for six hours in an eight-hour workday, as well as assessing non-exertional limitations with respect to climbing, stooping, and crawling. Id. at 83-85, 95-97, 622-24, 692.  ALJ Bell found these opinions "somewhat persuasive" as they were rendered by acceptable medical sources with program knowledge, but that additional postural and exertional limitations were warranted due to plaintiff's testimony as to his residual back and neck pain. Id. at 40.  She found that the opinions were otherwise supported by the record. Id.

On August 5, 2020, plaintiff's chiropractor, Michael Cardomone, D.C., completed a physical assessment form indicating, among other things, that plaintiff would need to recline or

lie down during an eight-hour workday more often than a typical break schedule, would need unscheduled breaks of 15-20 minutes, and would be absent from work more than four times per month. Id. at 696-97.  ALJ Bell found Dr. Cardomone's opinion only "somewhat persuasive", citing the other examination findings, plaintiff's wide-ranging activities of daily living, and his conservative and limited course of treatment. Id. at 40.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      ALJ Bell's findings regarding plaintiff's ability to sit for prolonged periods are supported by substantial evidence.**

Plaintiff argues that ALJ Bell erred by failing to incorporate a limitation regarding prolonged sitting in the RFC determination, as referenced in Dr. Dave's opinion, and/or by failing to clarify the vagueness in that assessment. Plaintiff's Brief [5-1] at 8-11. He also argues that the ALJ erred by failing to consider the consistency between Dr. Dave's and Dr. Cardamone's assessments with respect to prolonged sitting. Id. at 11-12.

The Commissioner argues in response that ALJ Bell's decision is supported by substantial evidence, accommodates Dr. Dave's assessment of a mild-to-moderate sitting limitation, and was not deficient on account of any vagueness or consistency in the medical opinions. Commissioner's Brief [6-1] at 9-16. I agree with the Commissioner.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [her] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ, not any medical source, is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2); *see* Curry v. Commissioner of Social Security, 855 Fed. App'x 46, 48 (2d Cir. 2021) (Summary Order).  As such, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (Summary Order); *see* Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Ultimately, "[t]he question is . . . whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017) (Summary Order)).

Here, ALJ Bell reviewed the treatment history and medical opinion evidence of record and determined that plaintiff was capable of sitting for six hours. [4] at 33-37. This is important because, "[i]n order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 374185, *6 (July 1996). To be sure, the regulations contemplate that "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically". Id. at 7. This need may be partially accommodated by scheduled breaks. *See* id. at 6-7. Such need might also be accommodated during the allowable time off task, which the vocational expert testified was 10% or about six minutes per hour. Transcript [4] at 72. That is, "[t]he regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight". Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

For these reasons, Dr. Dave's assessment of a "mild to moderate" limitation for prolonged sitting ([4] at 619) does not preclude ALJ Bell's RFC determination. Indeed, "district courts within this Circuit have repeatedly recognized [that even] moderate limitations in prolonged sitting are not necessarily inconsistent with the ability to perform the up-to-six hours of sitting . . . required for sedentary work." Kevin M. v. Kijakazi, 2022 WL 2704527, *2 (W.D.N.Y. 2022) (collecting cases); *see also* Roger H. v. Comm'r of Soc. Sec., 2022 WL 3358137, *3 (W.D.N.Y. 2022) ("a medical opinion including 'mild to moderate limitations in prolonged sitting' is not categorically inconsistent with an ALJ's 'sedentary work' determination"); Ayesha W. v. Commissioner of Social Security, 2022 WL 1308166, *10

(W.D.N.Y. 2022) (finding that a moderate limitation on prolonged sitting "does not preclude sedentary work"). Here, ALJ Bell considered Dr. Dave's assessment in conjunction with the other evidence of record - including plaintiff's self-reported activities of daily living, examination findings, a limited and conservative course of treatment (id. at 35-36), and opinions from Drs. Lawrence and Koenig specifically finding that plaintiff had the ability to sit for six hours of an eight-hour workday (id. at 83, 96) - and concluded that plaintiff was capable of the sitting duration required for sedentary work.

    Furthermore, while an assessment of "mild to moderate" limitations is admittedly not functionally descriptive, plaintiff's argument that Dr. Dave's use of that phrase renders the opinion too vague to constitute substantial evidence is one that has repeatedly been rejected. "Contrary to Plaintiff's argument, a medical source's use of 'mild' or 'moderate' when describing work-related limitations does not automatically render the assessment so vague that it is useless without clarification." Ayesha W., 2022 WL 1308166 at *10; see also Tiffany L. v. Commissioner of Social Security, 2021 WL 3145694, *6 (W.D.N.Y. 2021) ("[t]he use of the term 'mild' is not impermissibly vague . . . Indeed, the Second Circuit has upheld RFCs where the ALJ relied on opinions making use of similar phrases"); Reid v. Commissioner of Social Security, 2019 WL 2250015, *10 (W.D.N.Y. 2019) ("[m]any district courts, including this one, have subsequently declined to accept disability-plaintiffs' arguments . . . that terms such as 'moderate' are too vague to constitute substantial evidence"). In fact, in another case involving ALJ Bell and Dr. Dave, the court upheld her reliance on his assessment of "mild to moderate" limitations for prolonged sitting, despite her (apt) assessment of that opinion as "vague". Ali S. M. v. Commissioner of Social Security, 2022 WL 23223, *3 (W.D.N.Y. 2022). In any event, "'where there are no obvious gaps [in the record] and where the ALJ already possesses a

complete medical history,' the ALJ is under no obligation to seek additional information". Stacy D. v. Commissioner of Social Security, 358 F. Supp. 3d 197, 206 (N.D.N.Y. 2019)

Finally, I am not persuaded by plaintiff's argument that ALJ Bell was required to address the consistency between Dr. Dave's prolonged sitting limitation and Dr. Cardamone's one-hour sitting restrictions. While it is true that an ALJ, in evaluating a medical opinion, is required to articulate his consideration of the factors of "supportability" and "consistency" (20 C.F.R. §§404.1520c(b)(2), 416.920c(b)(2)), ALJ Bell explicitly addressed those factors with respect to both opinions in his decision, finding Dr. Dave's opinion consistent with the objective clinical findings, medical imaging, treatment records, and reported activities of daily living. [4] at 40. Conversely, he found Dr. Cardomone's more restrictive opinion to be inconsistent with the examination findings, activities of daily living, and the conservative and limited treatment history. Id. ALJ Bell interpreted Dr. Dave's opinion to be consistent with a six-hour sitting ability, an interpretation he was empowered to make under the applicable regulations and case law. Ultimately, plaintiff's "disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it." Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016).

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [6] is granted, and plaintiff's motion [5] is denied.

**SO ORDERED**.

Dated: August 14, 2023

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge